

FILED by ___TM___ D.C.
ELECTRONIC

Dec 20, 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **12-80238-CR-RYSKAMP/HOPKINS**

18 U.S.C. § 1349

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SHANE M. KLESHINSKI,

        Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1. International Resort Solutions LLC (hereinafter "IRS") was a Florida limited liability company whose Articles of Organization were filed with the State of Florida on July 28, 2009. IRS was purportedly in the business of providing timeshare marketing and sales services to timeshare owners located in the United States and Canada. The main office of IRS was initially located in Lake Worth, Florida, and then moved to West Palm Beach, Florida. IRS solicited clients through at least six separate telemarketing rooms (hereinafter referred to as "boiler rooms"), each of which

was located in Palm Beach County.

2. Michael W. Franzenburg was the owner of IRS and controlled its activities and finances. Franzenburg was the sole signatory on the IRS bank accounts.

3. Defendant **SHANE M. KLESHINSKI** was employed as a telemarketer at one of the IRS boiler rooms.

## COUNT 1
### (Conspiracy to Commit Mail Fraud: 18 USC §1349)

4. Paragraphs 1 through 3 of the General Allegations section are realleged and incorporated as though fully set forth herein.

5. From in or about July 2009, and continuing through in or about February 2010, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

### SHANE M. KLESHINSKI,

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with others known and unknown to the United States Attorney, to commit an offense against the United States, that is, to knowingly, and with intent to defraud, devise, and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that they were false and fraudulent when made, and knowingly causing to be delivered certain mail matter by private and commercial interstate carrier, according to the directions thereon, for the purpose of executing the scheme, in violation of Title 18, United States Code, Section 1341.

### PURPOSE OF THE CONSPIRACY

6. It was the purpose of the conspiracy for the defendant and his co-conspirators to

unlawfully enrich themselves by collecting millions of dollars in advanced fees from timeshare owners throughout the United States and Canada, for purported timeshare marketing and sales services, which the defendant and his co-conspirators knew would never be provided.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

7. Franzenburg established IRS and arranged to have various co-conspirators (hereinafter referred to as "boiler room owners") set up six boiler rooms throughout Palm Beach County where telephone sales representatives, known as "telemarketers," would solicit customers.

8. The telemarketers would cold call timeshare owners throughout the United States and Canada and attempt to induce them to pay up-front fees for purported timeshare marketing and sales services. To this end, the telemarketers, including defendant **SHANE M. KLESHINSKI**, routinely made false and fraudulent representations and promises to the timeshare owners about IRS's services, including falsely claiming that IRS had buyers for their timeshare units, falsely representing that IRS had closings scheduled for their timeshares, and/or falsely stating that IRS would actively market their timeshare units to potential buyers. In truth, as Franzenburg, the boiler room owners, and the telemarketers knew, IRS had not secured any buyers, had not scheduled any closings, and had not actively marketed any timeshare units.

9. The telemarketers, including defendant **SHANE M. KLESHINSKI**, directed the timeshare owners to submit advanced fees, which ranged from $999 to $2,996, which the telemarketers claimed would be used to pay closing, marketing, and/or appraisal costs associated with the purported sale of the timeshare units. To gain quick access to the fees, the telemarketers

encouraged the timeshare owners to pay the fees by credit card over the telephone. These credit card payments were typically processed the next day by a merchant account set up by IRS. After the credit card processing fees were paid, the merchant account holder would transfer the remainder of the credit card payments to the IRS bank account, which Franzenburg controlled.

10. IRS did not use the advanced fees to locate potential buyers or to pay closing, marketing, or appraisal fees, as represented to the timeshare owners. Instead, Franzenburg split the advanced fees with his co-conspirators – with approximately 35% going to Franzenburg and 65% going to the boiler room owners. The boiler room owners, in turn, paid the telemarketers, including defendant **SHANE M. KLESHINSKI**, a percentage of their respective sales.

11. Franzenburg concealed the distribution of the IRS proceeds by making some of the IRS checks and wire transfers payable to corporations controlled by the boiler room owners. Franzenburg also concealed the distribution of IRS proceeds by engaging in a check cashing scheme where various co-conspirators cashed IRS checks and then turned the cash over to other co-conspirators.

12. In an attempt to conceal the fact that the telemarketers had made numerous false and fraudulent representations to the timeshare owners, IRS sent the timeshare owners, via Federal Express, sanitized sales and marketing contracts which did not include any of the false and fraudulent statements. The timeshare owners were directed to sign and return these contracts to IRS. The written contracts were retained by IRS purportedly as proof that IRS never made any fraudulent representations to the timeshare owners.

13. While he was employed at IRS, the defendant **SHANE M. KLESHINSKI,** contacted approximately 49 victims throughout the United States and induced them to pay approximately $140,000 to IRS for timeshare marketing and sales services, which he knew would never be

provided.

All in violation of Title 18, United States Code, Section 1349.


_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ADRIENNE RABINOWITZ
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** SHANE M. KLESHINSKI

**Case No:** _____

Count #: 1

  Conspiracy to Commit Mail Fraud

  18 U.S.C § 1349

\* **Max.Penalty**: 20 years' imprisonment, $250,000 fine or twice the gross gain or loss resulting from the offense, 3 years' supervised release, and restitution

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>vs.<br><br>SHANE M. KLESHINSKI,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. _____<br><br>**CERTIFICATE OF TRIAL ATTORNEY\***<br><br>**Superseding Case Information:** |

**Court Division**: (Select One)

____ Miami  ____ Key West
____ FTL    _X_ WPB  ____ FTP

New Defendant(s)         Yes ____   No ____
Number of New Defendants     ____
Total number of counts       ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect    _____

4. This case will take   _3_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)

   I    0 to 5 days      _X_         Petty     ____
   II   6 to 10 days     ____        Minor     ____
   III  11 to 20 days    ____        Misdem.   ____
   IV   21 to 60 days    ____        Felony    _X_
   V    61 days and over ____

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ____ Yes  _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ____ Yes  _X_ No

　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ signature_
　　　　　　　　　　　　　　　　　　　　　　　　　　　ADRIENNE RABINOWITZ
　　　　　　　　　　　　　　　　　　　　　　　　　　　ASSISTANT UNITED STATES ATTORNEY
　　　　　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No./Court No. 833754

\*Penalty Sheet(s) attached                                    REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: SHANE M. KLESHINSKI

$75,000.00 Personal Surety Bond

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   ADRIENNE RABINOWITZ

Last Known Address: _____

What Facility: _____

Agent(s): S/A PAUL WACKES
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
FBI

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| SHANE M. KLESHINSKI | ) | |
| | ) | |
| Defendant | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.


Date: _____

_____
*Defendant's signature*


_____
*Signature of defendant's attorney*

Robert Franklin, Esq.
*Printed name of defendant's attorney*


_____
*Judge's signature*

James M. Hopkins, United States Magistrate Judge
*Judge's printed name and title*